UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRENA BOOKER, | § | |
| | § | Case No. 3:15-cv-02934 |
| Plaintiff, | § | |
| | § | **COMPLAINT** |
| v. | § | |
| | § | |
| MALCOLM S GERALD & ASSOCIATES, INC., | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

Now comes the Plaintiff, LATRENA BOOKER, by and through her attorneys, and for her Complaint against the Defendant, MALCOLM S GERALD & ASSOCIATES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Dallas, Texas.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Illinois, which is not licensed to do business in Texas, and which has its principal place of business in Chicago, Illinois.

## FACTS COMMON TO ALL COUNTS

9. On or about August 14, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the aforementioned alleged debt.

10. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke, that Plaintiff was represented by a law firm with respect to the alleged debt, and provided her attorneys' contact information.

11. Despite receive notice of Plaintiff's representation, Defendant continued to place additional phone calls on the following dates:

- August 18, 2015;
- August 19, 2015;
- August 26, 2015;
- August 27, 2015; and
- August 28, 2015.

12. On August 26, 2015, Plaintiff again provided Defendant with her attorneys' contact information.

13. Despite being provided notice of Plaintiff's representation on two occasions, Defendant continued to place further telephone calls to Plaintiff in an attempt to collect the alleged debt.

14. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

15. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiffs in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

LATRENA BOOKER

By: /s/ Christopher M. Migliaccio
    Attorney for Plaintiff

Christopher M. Migliaccio
Texas Attorney No. 24053059
Allen Chern Law LLC
3600 Shire Boulevard
Suite 205
Richardson, TX 75082
Phone: (972) 205-9750
Fax: (866) 359-7478
christopher@wmtxlaw.com